# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| Plaintiff, | ) |
| v. | ) **Case No. 11-CV-02488** |
|  | ) **Judge Joan B. Gottschall** |
| BEONY INTERNATIONAL LLC, | ) |
| a California Limited Liability Company, | ) **Magistrate Judge Geraldine Soat Brown** |
| MARIO MILANOVIC, | ) |
| individually and as an owner and/or | ) |
| member of Beony International LLC, and | ) |
| CODY ADAMS, | ) |
| individually, | ) |
| Defendants. | ) |

## STIPULATED FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF AS TO DEFENDANTS BEONY INTERNATIONAL LLC AND MARIO MILANOVIC

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), filed its Complaint for Permanent Injunction and Other Equitable Relief ("Complaint") against Defendants, alleging deceptive acts or practices and false advertisements in violation of Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a) and 52.

Defendants Beony International LLC and Mario Milanovic have consented to the entry of this Stipulated Final Judgment and Order for Permanent Injunction and Other Equitable Relief as to Defendants Beony International LLC and Mario Milanovic ("Order") without a trial or adjudication of any issue of law or fact herein.

**NOW THEREFORE**, the Plaintiff and Defendants Beony International LLC and

Milanovic, having requested the Court to enter this Order, and the Court having considered the

Order reached between the parties, **IT IS HEREBY ORDERED, ADJUDGED, AND**

**DECREED** as follows:

<u>**FINDINGS**</u>

1.      This is an action by the Commission instituted under Section 13(b) of the FTC

Act, 15 U.S.C. § 53(b).  The Commission has the authority to seek the relief contained herein.

2.      The Commission's Complaint states claims upon which relief may be granted

under Sections 5(a), 12 and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a), 52 and 53(b).

3.      This Court has jurisdiction over the subject matter of this case and personal

jurisdiction over Defendants Beony International LLC and Mario Milanovic.

4.      Venue in the United States District Court for the Northern District of Illinois is

proper pursuant to 28 U.S.C. §§ 1391(b) and (c) and 15 U.S.C. § 53(b).

5.      The alleged activities of Defendants are "in or affecting commerce" as

"commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

6.      Defendants Beony International LLC and Mario Milanovic, without admitting or

denying the allegations set forth in the Commission's Complaint, except for admitting the

jurisdictional facts and as otherwise specifically stated in this Order, agree to entry of this Order.

7.      Defendants Beony International LLC and Mario Milanovic waive:  (a) all rights

to seek judicial review or otherwise challenge or contest the validity of this Order; (b) any claim

that they may have against the Commission, its employees, representatives, or agents; (c) all

claims under the Equal Access to Justice Act, 28 U.S.C. § 2412, *as amended by* Pub. L. 104-121,

110 Stat. 847, 863-64 (1996); and (d) any rights to attorney's fees that may arise under said

provision of law. The Commission and Defendants Beony International LLC and Mario Milanovic shall each bear their own costs and attorney's fees incurred in this action.

8.      This Order is in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law.

9.      Entry of this Order is in the public interest.

## DEFINITIONS

For purposes of this Order, the following definitions shall apply:

1.      **"Acai Berry Product"** or **"Acai Berry Products"** mean any Dietary Supplement, Food, or Drug, sold alone or in combination with companion products, that is advertised, marketed, promoted, offered for sale, distributed, or sold with express or implied representations that the product contains acai berries or the extract thereof.

2.      **"Adequate and Well-Controlled Human Clinical Study"** means a human clinical study that is randomized, double-blind, placebo-controlled, and conducted by persons qualified by training and experience to conduct such a study.

3.      **"Assisting Others"** includes, but is not limited to: (a) arranging for the dissemination or publication of advertisements; (b) assisting in the formulation, drafting, or revision of advertisements; (c) creating, hosting, or maintaining websites; (d) recruiting third parties to advertise or market products, services, or programs; (e) obtaining or generating customer leads; (f) performing or providing marketing, billing, or collection services of any kind; (g) verifying, processing, fulfilling, or arranging for the fulfillment of orders; or (h) acting as an officer or director of a business entity.

4.      **"Clearly and Prominently"** shall mean: (a) in textual communications (e.g., printed publications or words displayed on the screen of a computer), the required disclosures

3

are of a type, size, and location sufficiently noticeable for an ordinary consumer to read and comprehend them, in print that contrasts with the background on which they appear; (b) in communications disseminated orally or through audible means (e.g., radio or streaming audio), the required disclosures are delivered in a volume and cadence sufficient for an ordinary consumer to hear and comprehend them; (c) in communications disseminated through video means (e.g., television or streaming video), the required disclosures are in writing in a form consistent with subparagraph (a) of this definition and shall appear on the screen for a duration sufficient for an ordinary consumer to read and comprehend them; (d) in communications made through interactive media, such as the Internet, online services, and software, the required disclosures are unavoidable and presented in a form consistent with subparagraph (a) of this definition, in addition to any audio or video presentation of them; and (e) in all instances, the required disclosures are presented in an understandable language and syntax, in the same language as the predominant language that is used in the communication, and with nothing contrary to, inconsistent with, or in mitigation of the disclosures used in any communication of them.

5.      **"Individual Defendants"** means Mario Milanovic and Cody Adams, and by whatever other names each may be known.

6.      **"Corporate Defendant"** means Beony International LLC and its successors and assigns, as well as any subsidiaries, and any fictitious business entities or business names created or used by it.

7.      **"Defendants"** means all of the Individual Defendants and the Corporate Defendant, individually, collectively, or in any combination.

4

8. **"Stipulating Defendants"** means Defendants Beony International LLC and Mario Milanovic, and by whatever other names they may be known.

9. **"Device"** means an instrument, apparatus, implement, machine, contrivance, implant, in vitro reagent, or other similar or related article, including any component, part, or accessory, which is: (a) recognized in the official National Formulary, or the United States Pharmacopeia, or any supplement to them; (b) intended for use in the diagnosis of disease or other conditions, or in the cure, mitigation, treatment, or prevention of disease, in man or other animals; or (c) intended to affect the structure or any function of the body of man or other animals; and which does not achieve any of its principal intended purposes through chemical action within or on the body of man or other animals and which is not dependent upon being metabolized for the achievement of any of its principal intended purposes.

10. **"Dietary Supplement"** means: (a) any product labeled as a dietary supplement or otherwise represented as a dietary supplement; or (b) any pill, tablet, capsule, powder, softgel, gelcap, liquid, or other similar form containing one or more ingredients that are a vitamin, mineral, herb or other botanical, amino acid, probiotic, or other dietary substance for use by humans to supplement the diet by increasing the total dietary intake, or a concentrate, metabolite, constituent, extract, or combination of any ingredient described above that is intended to be ingested, and is not represented to be used as a conventional Food or as a sole item of a meal or the diet.

11. **"Document" or "Documents"** means any materials listed in Federal Rule of Civil Procedure 34(a) and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be

obtained and translated, if necessary, into reasonably usable form through detection devices. A draft or nonidentical copy is a separate Document within the meaning of the term.

12.  **"Drug"** means: (a) articles recognized in the official United States Pharmacopoeia, official Homoeopathic Pharmacopoeia of the United States, or official National Formulary, or any supplement to any of them; (b) articles intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in man or other animals; (c) articles (other than Food) intended to affect the structure or any function of the body of man or other animals; and (d) articles intended for use as a component of any article specified in clause (a), (b), or (c); but does not include Devices or their components, parts, or accessories.

13.  **"Endorsement"** means any advertising message (including verbal statements, demonstrations, or depictions of the name, signature, likeness, or other identifying personal characteristics of an individual or the name or seal of an organization) that consumers are likely to believe reflects the opinions, beliefs, findings, or experience of a party other than the sponsoring advertiser.

14.  **"Essentially Equivalent Product"** means a product that contains the identical ingredients, except for inactive ingredients (*e.g.*, binders, colors, fillers, excipients), in the same form and dosage, and with the same route of administration (*e.g.*, orally, sublingually), as the Dietary Supplement, Food, or Drug; *provided that* the Dietary Supplement, Food, or Drug may contain additional ingredients if reliable scientific evidence generally accepted by experts in the field demonstrates that the amount and combination of additional ingredients are unlikely to impede or inhibit the effectiveness of the ingredients in the Essentially Equivalent Product.

6

15.     **"Food"** means:  (a) articles used for food or drink for man or other animals; (b) chewing gum; and (c) articles used for components of any such article.

16.     **"Material"** means likely to affect a person's choice of, or conduct regarding, goods or services.

17.     **"Material Connection"** means any relationship that materially affects the weight or credibility of any endorsement and that would not reasonably be expected by consumers.

18.     **"Person"** means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

19.     **"Plaintiff"** means the Federal Trade Commission ("Commission" or "FTC").

## I.

## PROHIBITED BUSINESS ACTIVITIES

**IT IS THEREFORE ORDERED** that Stipulating Defendants and their  officers, agents, servants, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, in connection with the advertising, marketing, promotion, offering for sale, or sale of any product, service, or program, are hereby permanently restrained and enjoined from:

A.     Misrepresenting, or Assisting Others in misrepresenting, any material fact, expressly or by implication, including, but not limited to:

1.    That any website or other publication is an objective news report;

2.    That objective news reporters have performed independent tests of any product, service, or program, including, but not limited to, Acai Berry Products or any other Dietary Supplement, Food, Drug, or Device, work-at-home programs, surplus auction services, teeth whitening products, or skin cream products;

3.    That independent tests demonstrate the effectiveness of any product, service, or program featured in any website or other publication, including, but not limited to, Acai Berry Products or any other Dietary Supplement, Food, Drug, or Device, work-at-home programs, surplus auction services, teeth whitening products, or skin cream products;

4.    That comments posted on websites express the views of independent consumers;

5.    The total cost to purchase, receive, or use the product, service, or program;

6.    Any Material restrictions, limitations, or conditions to purchase, receive, or use the product, service, or program;

7.    Any Material aspect of the performance, efficacy, nature, or central characteristics of the product, service, or program; and

8.    Any Material aspect of the nature or terms of a refund, cancellation, exchange, or repurchase policy for the product, service, or program; and

B.    Failing to disclose, Clearly and Prominently:

1.    Any Material Connection, when one exists, between any user or endorser of any product, service, or program and Defendants or any other person manufacturing, advertising, labeling, promoting, offering for sale, selling or distributing such product, service, or program; and

8

2.    If applicable, that the content of any website or other publication has not been authored by an objective journalist but is in fact an advertisement placed for compensation.

## II.

## PROHIBITED REPRESENTATIONS: WEIGHT LOSS CLAIMS

**IT IS FURTHER ORDERED** that Stipulating Defendants and their officers, agents, servants, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, in connection with the advertising, marketing, promotion, offering for sale, or sale of any Dietary Supplement, Food, or Drug, are hereby permanently restrained and enjoined from making, or Assisting Others in making, directly or by implication, including through the use of a product name, Endorsement, depiction, or illustration, any representation that such product:

A.    Causes or helps cause weight loss;

B.    Causes or helps cause rapid weight loss; or

C.    Causes or helps cause substantial weight loss;

unless the representation is non-misleading and, at the time of making such representation, Stipulating Defendants possess and rely upon competent and reliable scientific evidence that substantiates that the representation is true.  For purposes of this Section, competent and reliable scientific evidence shall consist of at least two Adequate and Well-Controlled Human Clinical Studies of any Dietary Supplement, Food, or Drug or of an Essentially Equivalent Product, conducted by different researchers, independently of each other, that conform to acceptable designs and protocols and whose results, when considered in light of the entire body of relevant and reliable scientific evidence, are sufficient to substantiate that the representation is true.

9

Stipulating Defendants shall have the burden of proving that a product satisfies the definition of Essentially Equivalent Product.

## III.

## PROHIBITED REPRESENTATIONS: OTHER HEALTH-RELATED CLAIMS

**IT IS FURTHER ORDERED** that Stipulating Defendants and their officers, agents, servants, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, in connection with the advertising, marketing, promotion, offering for sale, or sale of any Dietary Supplement, Food, Drug, or Device, are hereby permanently restrained and enjoined from making, or Assisting Others in making, directly or by implication, including through the use of a product name, Endorsement, depiction, or illustration, any representation, other than representations covered under Section II of this Order for any Dietary Supplement, Food, or Drug, about the health benefits, performance, or efficacy of any Dietary Supplement, Food, Drug, or Device, unless the representation is non-misleading, and, at the time of making such representation, Stipulating Defendants possess and rely upon competent and reliable scientific evidence that is sufficient in quality and quantity based on standards generally accepted in the relevant scientific fields, when considered in light of the entire body of relevant and reliable scientific evidence, to substantiate that the representation is true. For purposes of this Section, competent and reliable scientific evidence means tests, analyses, research, or studies that have been conducted and evaluated in an objective manner by qualified persons and are generally accepted in the profession to yield accurate and reliable results.

10

## IV.

## PROHIBITED REPRESENTATIONS: NON-HEALTH-RELATED CLAIMS

**IT IS FURTHER ORDERED** that Stipulating Defendants and their officers, agents,

servants, employees, and attorneys, and all other Persons in active concert or participation with

any of them, who receive actual notice of this Order by personal service or otherwise, whether

acting directly or through any trust, corporation, subsidiary, division, or other device, or any of

them, in connection with the advertising, marketing, promotion, offering for sale, or sale of any

product, service, or program that is *not* a Dietary Supplement, Food, Drug, or Device, are hereby

permanently restrained and enjoined from making, or Assisting Others in making, directly or by

implication, including through the use of a product name, Endorsement, depiction, or illustration,

any representation regarding the benefits, performance, or efficacy of any products, services, or

programs, unless the representation is true, not misleading, and, at the time it is made,

Stipulating Defendants possess and rely upon competent and reliable evidence that substantiates

that the representation is true. For the purposes of this Section, competent and reliable evidence

means tests, analyses, research, studies, or other evidence based on the expertise of professionals

in the relevant area, that have been conducted and evaluated in an objective manner by

individuals qualified to do so, using procedures generally accepted in the profession to yield

accurate and reliable results.

## V.

## PROHIBITED REPRESENTATIONS: TESTS OR STUDIES

**IT IS FURTHER ORDERED** that Stipulating Defendants, and their officers, agents,

servants, employees, and attorneys and all other Persons in active concert or participation with

any of them, who receive actual notice of this Order by personal service or otherwise, whether

11

acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any Dietary Supplement, Food, Drug, or Device, or any other product, service, or program, in or affecting commerce, are hereby permanently restrained and enjoined from misrepresenting, in any manner, expressly or by implication, including through the use of any product name or Endorsement, the existence, contents, validity, results, conclusions, or interpretations of any test, study, or research, in connection with any representations covered by Sections II, III, and IV of this Order.

## VI.

## FDA APPROVED CLAIMS

**IT IS FURTHER ORDERED** that nothing in this Order shall prohibit Stipulating Defendants from making any representation for any product that is specifically permitted in labeling for such product by regulations promulgated by the Food and Drug Administration pursuant to the Nutrition Labeling and Education Act of 1990.

## VII.

## MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that:

A.      Judgment is hereby entered in favor of the Commission, and against Stipulating Defendants, jointly and severally, for equitable monetary relief in the amount of twelve million, nine hundred eighty-eight thousand, six hundred three dollars ($12,988,603), *provided, however*, that the Judgment for equitable monetary relief shall be suspended as to Stipulating Defendants upon the satisfaction of the obligations imposed by Subsection B of this Section, and subject to the conditions set forth in Section VIII of this Order;

B.      Stipulating Defendants shall pay to the Commission the sum of one million six hundred thousand dollars ($1,600,000) in equitable monetary relief within five (5) days of the date of entry of this Order.  Payment shall be made to the Commission by wire transfer in accordance with directions provided by the Commission, or by certified check or other guaranteed funds payable to and delivered to the Commission.

C.      Time is of the essence for the payment specified above.  In the event of any default by Stipulating Defendants on any obligation imposed under this Section, including, but not limited to, the failure timely and completely to fulfill their payment and other obligations:

1.      The judgment imposed herein will not be suspended, and the full amount of that judgment ($12,988,603) shall immediately become due and payable, plus interest from the date of entry of this Order pursuant to 28 U.S.C. § 1961, as amended, less any amounts already paid; and

2.      The Commission shall be entitled to exercise immediately any and all rights and remedies against Stipulating Defendants and their assets to collect the full amount of the judgment and interest thereon, less any amounts already paid;

D.      All funds paid pursuant to this Order shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief, including, but not limited to, consumer redress, and any attendant expenses for the administration of such equitable relief. Stipulating Defendants shall cooperate fully to assist the Commission in identifying consumers who may be entitled to redress pursuant to this Order.  If the Commission determines, in its sole discretion, that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably

13

related to Defendants' practices alleged in the Complaint. Any funds not used for such equitable relief shall be deposited to the United States Treasury as disgorgement. Stipulating Defendants shall have no right to challenge the Commission's choice of remedies under this Part. Stipulating Defendants shall have no right to contest the manner of distribution chosen by the Commission. This judgment for equitable monetary relief is solely remedial in nature and is not a fine, penalty, punitive assessment, or forfeiture;

E.     In accordance with 31 U.S.C. § 7701, as amended, Stipulating Defendants are hereby required, unless they already have done so, to furnish to the Commission their taxpayer identifying numbers (social security numbers or employer identification numbers), which shall be used for purposes of collecting and reporting on any delinquent amount arising out of Stipulating Defendants' relationship with the government. Stipulating Defendant Mario Milanovic is further required, unless he already has done so, to provide the Commission with clear, legible and full-size photocopies of all valid driver's licenses that he possesses, which will be used for reporting and compliance purposes;

F.     Stipulating Defendants relinquish all dominion, control, and title to the funds paid to the fullest extent permitted by law. Stipulating Defendants shall make no claim to or demand for return of the funds, directly or indirectly, through counsel or otherwise;

G.     Stipulating Defendants agree that the facts as alleged in the Complaint filed in this action shall be taken as true without further proof in any bankruptcy case or subsequent civil litigation pursued by the Commission to enforce its rights to any payment or money judgment pursuant to this Order, including, but not limited to, a nondischargeability complaint in any bankruptcy case. Stipulating Defendants further stipulate and agree that the facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to

14

Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and that this Order

shall have collateral estoppel effect for such purposes; and

H.     Proceedings instituted under this Section are in addition to, and not in lieu of, any

other civil or criminal remedies that may be provided by law, including any other proceedings

the Commission may initiate to enforce this Order.

## VIII. **RIGHT TO REOPEN**

**IT IS FURTHER ORDERED** that:

A.     The Commission's agreement to, and the Court's approval of, this Order,

including but not limited to, the partial suspension of the monetary judgment against Stipulating

Defendants, is expressly premised upon the truthfulness, accuracy, and completeness of

Stipulating Defendants' representations regarding their financial condition, as set forth in the

Financial Statement of Individual Defendant Mario Milanovic signed by Mario Milanovic on

September 10, 2012, and the attachments thereto, and the Financial Statement of Corporate

Defendant Beony International LLC signed by Mario Milanovic on September 10, 2012, and the

attachments thereto, all of which contain material information upon which Plaintiff relied in

negotiating and agreeing to the terms of this Order;

B.     If, upon motion of the FTC, the Court finds that Stipulating Defendants failed to

disclose any material asset, materially misrepresented the value of any asset, or made any other

material misrepresentation in or omission from Stipulating Defendants' financial statements or

supporting documents, the Court will lift the suspension of the judgment against Stipulating

Defendants, in favor of the Commission, and the entire judgment, less any amount previously

paid, shall become immediately due and payable. *Provided, however,* that, in all other respects,

this Order shall remain in full force and effect, unless otherwise ordered by the Court; and

C.     Any proceedings instituted under this Section shall be in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law, including, but not limited to, contempt proceedings, or any other proceedings that the Commission or the United States might initiate to enforce this Order. For purposes of this Section, Stipulating Defendants waive any right to contest any of the allegations in the Commission's Complaint.

## IX.

## COOPERATION WITH FTC COUNSEL

**IT IS FURTHER ORDERED** that Stipulating Defendants shall, in connection with this action or any subsequent investigations related to or associated with the transactions or the occurrences that are the subject of the FTC's Complaint, cooperate in good faith with the FTC and appear, or cause their officers, employees, representatives, or agents to appear, at such places and times as the FTC shall reasonably request, after written notice, for interviews, conferences, pretrial discovery, review of documents, and for such other matters as may be reasonably requested by the FTC. If requested in writing by the FTC, Stipulating Defendants shall appear, or cause their officers, employees, representatives, or agents to appear, and provide truthful testimony in any trial, deposition, or other proceeding related to or associated with the transactions or the occurrences that are the subject of the Complaint, without the service of a subpoena.

## X.

## ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Stipulating Defendants obtain acknowledgments of receipt of this Order:

A.      Stipulating Defendants, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.      For 5 years after entry of this Order, for any business that Stipulating Defendant Mario Milanovic, individually or collectively with any other Defendant, is the majority owner or directly or indirectly controls, and Stipulating Defendant Beony International LLC must deliver a copy of this Order to: (1) all principals, officers, directors, and managers; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. To all others, delivery must occur before they assume their responsibilities. In any other business, such as those in which a Stipulating Defendant is an employee without an ownership interest or control, such Stipulating Defendant must deliver a copy of the Order to all principals and managers of the business before participating in conduct related to the subject matter of the Order.

C.      From each individual or entity to which a Stipulating Defendant delivered a copy of this Order, such Stipulation Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## XI.

## COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Stipulating Defendants make timely submissions to the Commission:

A.      One year after entry of this Order, each Stipulating Defendant must submit a compliance report, sworn under penalty of perjury;

17

1.    Each Stipulating Defendant must: (a) designate at least one telephone number and an email, physical, and postal address as points of contact, which representatives of the Commission may use to communicate with such Stipulating Defendant; (b) identify all of that Stipulating Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the products and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Stipulating Defendant Mario Milanovic must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that Stipulating Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission;

2.    Additionally, Stipulating Defendant Mario Milanovic must:  (a) identify all telephone numbers and all email, Internet, physical, and postal addresses, including all residences; (b) identify all titles and roles in all business activities, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest; and (c) describe in detail his involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership;

B.    For 20 years following entry of this Order, each Stipulating Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.    Each Stipulating Defendant must report any change in: (a) any designated point of contact; or (b) the structure of Corporate Defendant or any entity that a Stipulating Defendant has any ownership interest in or directly or indirectly controls that may affect

compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order;

      2.     Additionally, Stipulating Defendant Mario Milanovic must report any change in: (a) name, including aliases or fictitious names, or residence address; or (b) title or role in any business activity, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest, and identify its name, physical address, and Internet address, if any;

      C.     Each Stipulating Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against such Stipulating Defendant within 14 days of its filing;

      D.     Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on:_____" and supplying the date, signatory's full name, title (if applicable), and signature;

      E.     Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Beony International, FTC File No. X110024.

## XII.

## RECORDKEEPING

**IT IS FURTHER ORDERED** that Stipulating Defendants must create certain records for 20 years after entry of the Order, and retain each such record for 5 years. Specifically, Stipulating Defendant Beony International LLC, in connection with the advertising, marketing, promotion, offering for sale, or sale of any product, service, or program, and Stipulating Defendant Mario Milanovic for any business in which he, individually or collectively with any other Defendant, is a majority owner or directly or indirectly controls, must maintain the following records:

A.      Accounting records showing the revenues from all goods or services sold, all costs incurred in generating those revenues, and the resulting net profit or loss;

B.      Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

C.      Customer files showing the names, addresses, telephone numbers, dollar amounts paid, and the quantity and description of goods or services purchased;

D.      Complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

E.      All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

F.      A copy of each advertisement or other marketing material.

## XIII.

## COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Stipulating

Defendants' compliance with this Order, including any failure to transfer any assets as required

by this Order and the financial representations upon which part of the judgment was suspended;

A.     Within 14 days of receipt of a written request from a representative of the

Commission, each Stipulating Defendant must:  submit additional compliance reports or other

requested information, which must be sworn under penalty of perjury; appear for depositions;

and produce documents, for inspection and copying.  The Commission is also authorized to

obtain discovery, without further leave of court, using any of the procedures prescribed by

Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45,

and 69.

B.     For matters concerning this Order, the Commission is authorized to communicate

directly with Stipulating Defendants.  Stipulating Defendants must permit representatives of the

Commission to interview any employee or other person affiliated with a Stipulating Defendant

who has agreed to such an interview.  The person interviewed may have counsel present.

C.     The Commission may use all other lawful means, including posing, through its

representatives, as consumers, suppliers, or other individuals or entities, to Defendants or any

individual or entity affiliated with Defendants, without the necessity of identification or prior

notice.  Nothing in this Order limits the Commission's lawful use of compulsory process,

pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## XIV.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for

purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED**.


Dated: _____, 2012           _____
                                          HONORABLE JOAN B. GOTTSCHALL
                                          United States District Judge


### SO STIPULATED AND AGREED:


_____     Date: _____
JOHN C. HALLERUD
STEVEN M. WERNIKOFF
Attorneys for Plaintiff Federal Trade Commission


_____     Date: _____
MARIO MILANOVIC, individually and as an
owner and member of Beony International LLC


_____     Date: _____
BEONY INTERNATIONAL LLC
By: Mario Milanovic, owner and member


_____     Date: _____
GEORGE JACKSON III
Attorney for Defendants Beony International LLC
and Mario Milanovic

## XIV.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for

purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED.**

Dated: _____, 2012

_____
HONORABLE JOAN B. GOTTSCHALL
United States District Judge

**SO STIPULATED AND AGREED:**

_____ Date: _____
JOHN C. HALLERUD
STEVEN M. WERNIKOFF
Attorneys for Plaintiff Federal Trade Commission

_____ Date: _Oct. 25, 2012_
MARIO MILANOVIC, individually and as an
owner and member of Beony International LLC

_____ Date: _Oct. 25, 2012_
BEONY INTERNATIONAL LLC
By: Mario Milanovic, owner and member

_____ Date: _____
GEORGE JACKSON III
Attorney for Defendants Beony International LLC
and Mario Milanovic

22

## XIV.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for

purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED.**


Dated: _____, 2012

                                _____
                                  HONORABLE JOAN B. GOTTSCHALL
                                  United States District Judge


**SO STIPULATED AND AGREED:**


_____    Date: _____
JOHN C. HALLERUD
STEVEN M. WERNIKOFF
Attorneys for Plaintiff Federal Trade Commission


_____    Date: _____
MARIO MILANOVIC, individually and as an
owner and member of Beony International LLC


_____    Date: _____
BEONY INTERNATIONAL LLC
By: Mario Milanovic, owner and member


_____    Date: Oct 26, 2012
GEORGE JACKSON III
Attorney for Defendants Beony International LLC
and Mario Milanovic


22

## XIV.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for

purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED**.

Dated: _____1-23-13_____, 2012

_____
HONORABLE JOAN B. GOTTSCHALL
United States District Judge

**SO STIPULATED AND AGREED:**

_____
JOHN C. HALLERUD
STEVEN M. WERNIKOFF
Attorneys for Plaintiff Federal Trade Commission

Date: ___January 23, 2013___

_____
MARIO MILANOVIC, individually and as an
owner and member of Beony International LLC

Date: _____

_____
BEONY INTERNATIONAL LLC
By: Mario Milanovic, owner and member

Date: _____

_____
GEORGE JACKSON III
Attorney for Defendants Beony International LLC
and Mario Milanovic

Date: _____

22